**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5135-16T2

ALAINE M. KRAJICEK,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, and CATAMARAN MEDIA
COMPANY, LLC,

     Respondents.

_____

> Argued September 20, 2018 – Decided October 11, 2018
>
> Before Judges Nugent and Reisner.
>
> On appeal from Board of Review, Department of Labor, Docket No. 112,164.
>
> Alaine M. Krajicek, appellant, argued the cause pro se.
>
> Daniel Pierre, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Daniel Pierre, Deputy Attorney General, on the brief).

Respondent Catamaran Media Company, LLC, has not filed a brief.

PER CURIAM

Claimant Alaine M. Krajicek appeals from a June 9, 2017 final decision of the Board of Review, affirming a decision of the Appeal Tribunal finding her disqualified for benefits, because she was fired for simple misconduct connected with the work. See N.J.S.A. 43:21-5(b) (disqualification for misconduct); N.J.A.C. 12:17-10.5(a)(3) (simple misconduct includes violation of "a reasonable" workplace rule). We remand this case to the Board for reconsideration.

Claimant's alleged misconduct consisted of violating the employer's policy requiring that employee salary information be kept confidential. The employer did not appear at the hearing before the appeals examiner and did not submit legally competent evidence concerning the policy. At the hearing, the employee testified that there was no formal rule against disclosing salary information, an assertion she supported by providing a copy of the company handbook. However, claimant admitted that she and other supervisors understood they were not to disclose "anything specific" about an employee's salary.

Claimant admitted that, in the course of trying to encourage a female subordinate to pursue a salary increase, she disclosed that the subordinate, who had been working for the company for more than a year, was being paid less than newly-hired employees. According to claimant's testimony, she did not believe that giving such general information, without "an actual [salary] number" violated the company's policy. It is inferable from the record that at least one of the newly-hired employees was a male named Tom.

The appeals examiner rejected claimant's assertion that giving general information, with no salary numbers, was not a violation of the non-disclosure rule. In appealing that decision to the Board, claimant asserted, for the first time, that she never discussed salaries with the subordinate at all. She claimed that she was "distraught" at the time of the hearing, and was mistaken in making that admission to the examiner. She apparently attached statements from the subordinate and a male former employee, which she claimed supported her contention. The Board declined to consider this new information and adopted the examiner's decision. On this appeal, claimant argues that there was no evidence that she actually violated a company policy.

We are bound to decide this case based on the record before the Board of Review, and we will not disturb the agency's factual findings as long as they are

3

supported by substantial credible evidence.  See Barry v. Arrow Pontiac, Inc., 100 N.J. 57, 71 (1985).  We cannot say here that the Board's factual findings, concerning what claimant told the subordinate, were unsupported by the record. However, after the Board rendered its decision, the Legislature adopted the New Jersey Equal Pay Act of 2018 (the EPA).  L. 2018, c. 9 (effective July 1, 2018); see N.J.S.A. 10:5-12(t).  In the EPA, the Legislature recognized that workplace rules against disclosure of salary information can conceal wage discrimination. To that end, the Legislature amended the Law Against Discrimination to specifically prohibit an employer from retaliating against an employee for sharing salary information with other employees.  See N.J.S.A. 10:5-12 (r); L. 2018, c. 9, §2.

The EPA was not in effect at the time this incident occurred, and while claimant asserts the employer acted unfairly toward the female subordinate, she does not specifically assert that the employer was engaged in equal pay discrimination.  Nonetheless, in light of the Legislature's recent strong policy statement, embodied in the EPA, we believe the Board should reconsider whether its current interpretation of the unemployment statute can be harmonized with the EPA, and whether the rule claimant allegedly violated was "a reasonable rule of the employer which the individual knew or should have

known was in effect." N.J.A.C. 12:17-10.5(a)(3) (emphasis added). In remanding, we give the Board an opportunity to reconsider its decision; we do not infer what the Board should decide on remand. We do not retain jurisdiction.

Remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5135-16T2